# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAY STANFORD,**

    **Plaintiff,**

 v.                  Case No. 07-C-121

**MICHAEL J. ASTRUE,**
**Commissioner of the**
**Social Security Administration,**

    **Defendant.**

## DECISION AND ORDER

    On December 19, 2007, this Court issued a Decision and Order granting Ray Stanford's ("Sanford") appeal and remanding the matter for further proceedings before the Commissioner of the Social Security Administration on Stanford's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 through § 423. The matter is before the Court on Stanford's application for $5,391.38 in attorney's fees and $363.92 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

*Applicable Standard*

    The EAJA provides that a successful litigant against the federal government is entitled to recover his attorney's fees if: 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) no special circumstances exist that would make

an award unjust; and, 4) he filed a timely application for fees. 28 U.S.C. § 2412(d)(1)(A), (B); *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003).

*Analysis*

In the instant case, it is undisputed that the only issue for resolution by the Court is whether the government's position was substantially justified. As succinctly summarized in *Cunningham v. Barnhart,* 440 F.3d 862, 863-64 (7th Cir. 2006):

> Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct or [his] litigation position lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The ALJ's decision is considered part of the Commissioner's pre-litigation conduct. *Id*. In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and her legal theory. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Golembiewski*, 382 F.3d at 724 (citing *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)). The Commissioner has the burden of establishing that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)).

The Commissioner argues that the fact that he was incorrect on one point does not mean that he lacked substantial justification for his litigation position during the entire civil action, citing *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996). He maintains that he had both factual and legal justification for his position. In asserting he had a reasonable legal basis both during the administrative proceedings and before this Court, the Commissioner relies on *Rice v. Barnhart*, 384 F.3d 363, 369-70 (7th Cir. 2004); *Sanchez v.*

2

*Barnhart*, 467 F.3d 1081, 1082-83 (7th Cir. 2006); and *Scheck v. Barnhart*, 357 F.3d 697, 700-01 (7th Cir. 2004).

The Court remanded this case because at step three of the five-step sequential analysis of disability claims, 20 C.F.R. § 404.1520(a)(4)(i)-(v), the Administrative Law Judge ("ALJ") failed to mention specific Listings of Impairments and failed to consider Stanford's sleep apnea and allegations of memory loss. These deficiencies left this Court without adequate assurance that the ALJ had conducted a proper step three analysis.

Having carefully considered the circumstances of this case, the Court cannot conclude that the ALJ's decision or the Commissioner's advocacy in support of that decision were substantially justified. Unlike *Rice*, 384 F.3d at 369-70, this case did not involve a single relevant Listing of Impairments. Although *Sanchez*, 467 F.3d at 1082-83, involved an ALJ's failure to explain his rationale for concluding that a child claimant's asthma did not meet the Listing of Impairments, unlike the instant case the *Sanchez* record did not include any evidence that the asthma was physically disabling. *Scheck*, 357 F.3d at 700-01, involved the issue of whether the ALJ was required to articulate her reasons for relying on the opinions of the state agency physicians in finding that the claimant did not meet the Listing of Impairments. That issue is not presented in this action. In this instance, the Commissioner has not established that his position was substantially justified.

Moreover, it is uncontested that Stanford is the prevailing party, that no special circumstances make an award of attorney's fees unjust, and that the application for fees is timely. Stanford has also provided an affidavit of counsel which establishes the hours billed,

3

the work performed by counsel, the calculation of the counsel's applicable hourly rate and the method of that calculation, and supports the claimed award of $5,391.38 in attorney's fees and $363.92. Therefore, Stanford's motion for an award of attorney's fees and costs pursuant to the EAJA is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Stanford's motion for an award of $5,391.38 in attorney's fees and $363.92 in costs pursuant to the EAJA (Docket No. 17) is **GRANTED**; and,

The Clerk of Court is **DIRECTED** to enter an amended judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of June, 2008.

                                            **BY THE COURT**

                                            *s/ Rudolph T. Randa*_____

                                            **Hon. Rudolph T. Randa**
                                            **Chief Judge**